IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,270-02






EX PARTE STANLEY DEWAYNE WILSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0976579D IN THE 213TH DISTRICT COURT


FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment. The Second Court of Appeals affirmed his conviction. Wilson
v. State, No. 02-06-00136-CR (Tex. App.-Fort Worth, June 28, 2007, pet. ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
investigate a 911 call Cornelius Wingate made in which he described the suspect as a Hispanic male.
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall make findings of fact as to whether the factual basis of Applicant's claim was "ascertainable
through the exercise of reasonable diligence" on the date he filed his previous application. Tex.
Code Crim. Proc. art. 11.07, § 4(c). If the trial court finds that the factual basis was not
ascertainable, it shall provide Applicant's trial counsel with the opportunity to respond to
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 If the trial court finds that the factual basis of Applicant's claim was not ascertainable on the
date he filed his previous application, the trial court shall make findings of fact and conclusions of
law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 10, 2009

Do not publish